IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ELAINE A. HRUBY, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CV3204 |
| | ) | |
| v. | ) | |
| | ) | |
| ALBERTSON'S, INC., a Delaware corporation, | ) ) ) | MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| Defendant. | ) ) | |

Now before me is a motion for summary judgment filed by Defendant/Third Party Plaintiff Albertson's, Inc. ("Albertson's" or "the defendant" ) (ECF No. 47.) For the following reasons, I shall deny Albertson's motion.

## I.  BACKGROUND[1]

On June 15, 2005, the plaintiff, Elaine L. Hruby, drove her vehicle to an Osco Drug store in Lincoln, Nebraska, and walked from the parking lot to an area in front of the store where flowers were displayed. (Def.'s Index, Ex. A, Hruby Dep. at 16:22-17:2, 22:12-23:18, ECF No. 49-1.) This flower display area is described in the parties' briefs as an "outdoor garden center," (e.g., Def.'s Br. at 2, ECF No. 48), and a "retail display," (e.g., Pl.'s Response Br. at 1, ECF No. 50). I shall refer to it as a "flower display." The photographs and deposition testimony before me indicate that the flower display consisted of a single aisle running from north to south along a sidewalk in front of the Osco Drug store. Flowers and other garden-related items were stacked on shelves along both

---

[1] The facts summarized below are taken from the statements of material facts and the evidentiary materials that have been submitted by the parties. (See Def.'s Br. at 2-3, ECF No. 48; Def.'s Index, ECF No. 49; Pl.'s Response Br. at 2-3, ECF No. 50.) I note that paragraphs 6, 7, and 9 of the plaintiff's statement of material facts rely upon deposition pages that are not in the record before me, and I must therefore disregard those paragraphs. (Compare Pl.'s Response Br. at 2-3 with Def.'s Index, Ex. A, Hruby Dep., ECF No. 49-1.)

sides of the aisle, leaving the aisle open only at its north and south ends. The sidewalk bearing the flower display was higher than the parking surface and, for the most part, it was separated from the parking surface by a curb marked with yellow paint. It appears that a person approaching the south end of the flower display from the parking lot would have to mount this curb in order to enter the flower display aisle. Near an entrance to the Osco Drug store, however, the curb was broken by a paved ramp leading up from the parking surface and toward the store. The northern end of flower display aisle terminated precisely at the point where the north-south running sidewalk intersected with the east-west running ramp. Thus, a person exiting the north end of the flower display aisle would step immediately into the depression created by the ramp or onto the sloping surface connecting the sidewalk level to the level of the ramp at the intersection point. The ramp was marked on its north and south edges with yellow paint running from the curb toward the Osco drug store, but the paint extended only a short distance beyond the edge of the streetside flower display shelves and into the flower display aisle. In other words, the yellow-painted portion of the ramp edge nearest the north end of the flower display was largely obscured by the display shelves. (See Def.'s Index, Ex. A, Hruby Dep. at 22:23-23:4, 29:21-30:3, 92:2-96:22, ECF No. 49-1; Ex.. B, ECF No. 49-2; Ex. C, ECF No. 49-3; Ex. D, ECF No. 49-4; Ex. E-1, ECF No. 49-6; Ex. E-2, ECF No. 49-7; Ex. E-3, ECF No. 49-8; Ex. E-4, ECF No. 49-9; Ex. E-5, ECF No. 49-10.)

The plaintiff mounted the curb near the south end of the flower display, entered the flower display aisle, and walked north along the aisle. (See Def.'s Index, Ex. A, Hruby Dep. at 22:13-23:4, 29:3-24, 92:2-15, ECF No. 49-1.) When she exited the north end of the flower display aisle, she "stepped down, not realizing there was a slope there, and . . . fell." (See id. at 39:19-40:5.) Her fall caused her to break her right hip. (Id. at 40:16-18.) The plaintiff said during her deposition that the flower display shelves blocked her view of the yellow paint marking the ramp edge nearest her, and she did not notice the yellow paint marking the far edge of the ramp–though she admits that she would take yellow paint to be an indication of a slope or steps. (See id. at 95:14-96:22.) She also said that her fall occurred around 8:15 p.m., but it was "broad daylight because it was summertime," and it was a clear, sunny day. (Id. at 17:7-15, 21:16-21.)

On or about September 18, 2009, the plaintiff filed a second amended complaint against Albertson's in the District Court of Lancaster County, Nebraska. (See Second Am. Compl., ECF

No. 1-2.) In this complaint, she alleges that Albertson's, as the "successor-in-interest to Osco Drug, Inc.," "was negligent in placing a retail display in the immediate vicinity of the sloped ramp, without warning of same, it being foreseeable [that] customers would not see [the ramp] and would stumble or fall due to the ramp." (Id. ¶¶ 5, 11.) She adds that the "[d]efendant's negligence proximately caused [her] injuries." (Id. ¶ 13.) Albertson's removed the case to this court, (see generally Notice of Removal, ECF No. 1), and filed a third party complaint against Bradley Operating Limited Partnership and Heritage Property Investment Trust Inc., (see generally ECF No. 17). Thereafter, Albertson's filed the instant motion for summary judgment. (See ECF No. 47.)

## II.   STANDARD OF REVIEW

A motion for summary judgment shall be granted by the court "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). A "material" fact is one that "might affect the outcome of the suit under the governing law," and a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the evidence is to be taken in the light most favorable to the nonmoving party. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). If the moving party meets the initial burden of establishing the nonexistence of a genuine issue, then the burden shifts to the nonmoving party to produce evidence of the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The nonmoving party "must present affirmative evidence in order to defeat a properly supported motion for summary judgment," Anderson, 477 U.S. at 257, and "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial," id. at 256 (citing Fed. R. Civ. P. 56(e)).

## III.   ANALYSIS

The parties are in agreement that the law applicable to the plaintiff's claim against the defendant is as follows:

3

> A possessor of land is subject to liability for injury caused to a lawful visitor by a condition on the land if (1) the possessor defendant either created the condition, knew of the condition, or by the exercise of reasonable care would have discovered the condition; (2) the defendant should have realized the condition involved an unreasonable risk of harm to the lawful visitor; (3) the defendant should have expected that a lawful visitor such as the plaintiff either (a) would not discover or realize the danger or (b) would fail to protect himself or herself against the danger; (4) the defendant failed to use reasonable care to protect the lawful visitor against the danger; and (5) the condition was a proximate cause of damage to the plaintiff.

Range v. Abbott Sports Complex, 691 N.W.2d 525, 529 (Neb. 2005) (quoting Herrera v. Fleming Companies, Inc., 655 N.W.2d 378, 382 (Neb. 2003)). (See also Def.'s Br. at 4-5, ECF No. 48; Pl.'s Br. at 4, ECF No. 50.) The defendant argues that it is entitled to summary judgment because the plaintiff cannot establish elements two, three, and four. (See Def.'s Br. at 5-11, ECF No. 48.) I shall consider each of the defendant's arguments in turn.

      **A.    Whether the Defendant Should Have Realized that the Condition Involved an Unreasonable Risk of Harm to the Plaintiff**

To succeed on her claim, the plaintiff must show that the defendant should have realized that the arrangement of the flower display involved an unreasonable risk of harm to a lawful visitor. E.g., Herrera, 655 N.W.2d at 382. "An unreasonable risk of harm has been defined as a risk that a reasonably careful person under all circumstances of the case would not allow to continue." Bahrs v. R M B R Wheels, Inc., 574 N.W.2d 524, 528 (Neb. Ct. App. 1998) (citing Nebraska Jury Instructions - Civil 2d 3.02). The record shows that the flower display was placed such that its north end terminated precisely at the point of intersection between the sidewalk and the ramp, such that a person exiting the display aisle at the north end would necessarily step onto either the sloped surface of the ramp edge or into the depression created by the ramp. The record also shows that the warning paint marking the near edge of the ramp was mostly obscured by the display. From this evidence, a reasonable fact finder could draw an inference that the arrangement created an unreasonable risk of stumbling and falling. Therefore, I cannot say that there is no genuine issue for trial on this point.

In support of its motion for summary judgment, the defendant argues that "[t]he mere fact that an invitee falls at the entrance of a building where a difference in level is present does not raise

a presumption of negligence." (Def.'s Br. at 6, ECF No. 48 (quoting Heck v. American Community Stores, 254 N.W.2d 410, 412 (Neb. 1977).) It is true that in a premises liability case involving a slip-and-fall accident, the plaintiff must show that the accident was a result of the defendant's negligence–and negligence will not be presumed based on "[t]he mere fact that an injury or accident occurred." Herrera v. Fleming Companies, Inc., 655 N.W.2d 378, 382-83 (Neb. 2003). It is also true that in Heck, the Nebraska Supreme Court held that negligence cannot be presumed from the mere fact of a fall at the point of a change in level.[2] Here, however, the plaintiff does not rely solely on the fact that she fell on the ramp to support her claim against the defendant. A comparison of the facts of this case with those of Heck illustrates this point.

     Like Hruby, the plaintiff in Heck fell near the entrance of a building after stepping into a ramp connecting the sidewalk to the parking surface. In Heck, the plaintiff "argue[d] that the presence of the protruding steel bar [upon which she fell] was sufficient evidence of negligence to take the case to the jury." 254 N.W.2d at 412. In rejecting her claim, the court noted, "The problem here is that there was a failure of proof as to the cause of plaintiff's fall and a failure of proof that the steel bar had any causal connection. The plaintiff herself did not know how or why she fell." Id. In the instant case, there is no such failure of proof: Hruby testified that she fell when she stepped down onto the slope created by the ramp without realizing that there was a slope at that spot. (See Def.'s Index, Ex. A, Hruby Dep. at 40:2-5, ECF No. 49-1.) Also, Hruby's negligence claim is not based solely on the mere presence of a difference in level at the point of the fall. Instead, she alleges that the risk posed by the change in level was made unreasonable by the presence of the flower display, which prevented her from discovering the change in level and guarding against stumbling.

---

     [2] In Heck, the plaintiff fell and struck her knee on a steel bar after she stepped onto a slope connecting the sidewalk to the parking surface. There was evidence, however, that "[t]he slope or incline was not only known to [the plaintiff], but was open and obvious to anyone." 254 N.W.2d at 412. The Nebraska Supreme Court explained that "[t]here is no liability on the part of an inviter owner to protect a customer against hazards which are known to the customer and are so apparent that he may reasonably be expected to discover them and be able to protect himself." Id. As I will explain in more detail below, the "open and obvious" rule that was applied in Heck is no longer a correct statement of Nebraska law. See Aguallo v. City of Scottsbluff, 678 N.W.2d 82, 93-94 (Neb. 2004); Burrell v. Kwik Shop, Inc., No. A-04-513, 2005 WL 2654938 at *3-4 (Neb. Ct. App. Oct. 18, 2005).

In short, because the plaintiff's claim does not depend upon a presumption of negligence based solely on the fact that she fell on the ramp, I am not persuaded that summary judgment ought to be granted in accordance with the rule applied in Heck.

The defendant also argues that there was only a slight difference in elevation at the point on the ramp where the plaintiff fell, adding, "It is evident from the photos that this slight variation was readily apparent to anyone using due care in walking on the premises." (Def.'s Br. at 7-8, ECF No. 48.) In support of its argument, it cites Doht v. Village of Walthill, 299 N.W.2d 177, 179 (Neb. 1980), for the proposition that "slight holes or depressions in public ways, including sidewalks, which are not in the nature of traps and from which danger could not reasonably be anticipated, are not defects for which an action will lie." (Id. at 6-7.) I agree with the defendant's characterization of the difference in elevation at the point of the fall: it does appear to be "slight." However, there is no per se rule that a defendant can evade liability solely because a depression is slight. See Aguallo v. City of Scottsbluff, 678 N.W.2d 82, 93 (Neb. 2004) (discussing Doht). The relevant question, rather, is whether the defendant should have reasonably anticipated that the conditions created an unreasonable risk of harm. See id.; Herrera v. Fleming Companies, Inc., 655 N.W.2d 378, 382 (Neb. 2003). As I noted above, the "conditions" in this case involve more than a mere change in elevation, because the plaintiff claims that her ability to detect the change in elevation and anticipate the risk of stumbling was unreasonably limited by the arrangement of the flower display. It seems to me that a reasonable fact finder could conclude that this arrangement created an unreasonable risk of harm.

Finally, the defendant argues that the plaintiff "presented no expert evidence or any other evidence of flaws in design or construction," and "[n]o evidence was presented that other persons had fallen in this area or that Albertson's had other notice that this area was unsafe." (Def.'s Br. at 8, ECF No. 48.) The defendant suggests that in the absence of such evidence, the plaintiff cannot show that an unreasonably dangerous condition existed on the premises. (Id.) I am not persuaded. The record includes evidence (in the form of testimony and photographs) of the layout of the flower display and its position relative to the ramp, and I cannot say that this evidence is insufficient, as a matter of law, to support a finding that the display created an unreasonable risk of harm. The defendant cites no authority in support of its claim that expert testimony or other more particularized

evidence of design or construction flaws is necessary to forestall summary judgment in a case such as this one.[3] Also, I note that the plaintiff is not required to show that the defendant had actual "notice that this area was unsafe"; rather, she is required to show only that "the defendant should have realized the condition involved an unreasonable risk of harm to the lawful visitor." E.g., Herrera v. Fleming Companies, Inc., 655 N.W.2d 378, 382 (Neb. 2003).

I find that "[r]easonable minds could draw more than one conclusion regarding the existence of an unreasonable risk of harm" that should have been realized by the defendant. Bahrs v. R M B R Wheels, Inc., 574 N.W.2d 524, 528 (Neb. Ct. App. 1998). Therefore, I must deny the defendant's motion for summary judgment insofar as it is based on this particular component of the plaintiff's claim.

### B. Whether the Defendant Should Have Expected That the Plaintiff Either Would Not Discover the Danger or Would Fail to Protect Herself Against the Danger

The defendant is not liable to the plaintiff unless she can show that "the defendant should have expected that . . . the plaintiff either (a) would not discover or realize the danger or (b) would fail to protect . . . herself against the danger." E.g., Herrera v. Fleming Companies, Inc., 655 N.W.2d 378, 382 (Neb. 2003). The defendant argues that the plaintiff cannot establish this element of her claim because any dangerous condition on the premises "would have to be deemed open and obvious under Nebraska law." (Def.'s Br. at 8, ECF No. 48.)

As I alluded to above, "[e]stablished Nebraska law provides that the rule in open and obvious cases is no longer that 'there is no liability on the part of an inviter owner to protect a customer against hazards which are known to the customer and are so apparent that he may reasonably be expected to discover them and be able to protect himself.'" Burrell v. Kwik Shop, Inc., No. A-04-513, 2005 WL 2654938 at *4 (Neb. Ct. App. Oct. 18, 2005). In Aguallo v. City of Scottsbluff, 678 N.W.2d 82, 93 (Neb. 2004), the Nebraska Supreme Court explained that although an owner or

---

[3] I note in passing that in support of its motion for summary judgment, the defendant has submitted no expert testimony or other particularized evidence concerning the lack of design or construction flaws. For the purposes of the instant motion, the plaintiff and defendant have each relied upon the same set of evidentiary materials.

occupier is generally not liable "when the danger posed by a condition is open and obvious," he may be liable "if he should expect that the [lawful visitor] will fail to protect himself against the hazard." (citing Tichenor v. Lohaus, 322 N.W.2d 629, 632) (alteration in original). Quoting the Second Restatement of Torts, comment f, the court added,

> There are, however, cases in which the possessor of land can and should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger. In such cases the possessor is not relieved of the duty of reasonable care which he owes to the invitee for his protection. This duty may require him to warn the invitee, or to take other reasonable steps to protect him, against the known or obvious condition or activity, if the possessor has reason to expect that the invitee will nevertheless suffer physical harm.
>
> Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it.

678 N.W.2d at 93-94. These principles are incorporated into element three of the plaintiff's claim, which requires the plaintiff to show that "the defendant should have expected that a lawful visitor such as the plaintiff either (a) would not discover or realize the danger or (b) would fail to protect himself or herself against the danger." E.g., Herrera, 655 N.W.2d at 382. In short, a determination that a danger was open and obvious is no longer sufficient, standing alone, to absolve a defendant of liability, because there must be a determination whether the defendant should have anticipated that persons "would fail to protect themselves despite the open and obvious risk," Aguallo. 678 N.W.2d at 94, or "would not discover or realize the danger," Herrera, 655 N.W.2d at 382.

Here, the defendant argues that "summary judgment in favor of Albertson[']s is warranted" simply because [a]ny purported danger encountered by Plaintiff was open and obvious." (Def.'s Br. at 9-10, ECF No. 48.) For the reasons explained above, even if I were to assume that the condition that allegedly caused the plaintiff's injury were open and obvious, such a finding would not be sufficient to warrant summary judgment in favor of the defendant. Moreover, I find that a reasonable fact finder could conclude, based on the evidence now before me, that the defendant should have expected that someone such as the plaintiff would not discover the danger presented by the ramp

edge or would fail to protect herself from that danger due to the conditions of the flower display. Summary judgment is not appropriate under these circumstances.

The defendant also argues that "if Plaintiff had been exercising due care at the time of the incident, the fall would not have occurred." (Def.'s Br. at 9, ECF No. 48.) In other words, the defendant submits that the plaintiff's failure to avoid the open and obvious risk presented by the ramp amounts to contributory negligence and bars her recovery. (See id.) In support of its argument, the defendant refers me to Bruyninga v. Nuss, 346 N.W.2d 245 (Neb. 1984), and Whitcomb v. State Federal Savings & Loan Association, 205 N.W.2d 652 (Neb. 1973). In each of these cases, the court did conclude that the plaintiff's contributory negligence barred recovery as a matter of law. In reaching these conclusions, however, the court applied the rule that "there is no duty on the part of an inviter owner to protect an invitee against hazards which are known to the invitee or that are so apparent that he may reasonably be expected to discover them and protect himself." Whitcomb, 205 N.W.2d at 654; Bruyninga, 346 N.W.2d at 247-248. As I noted previously, this is no longer the law. Also, because a reasonable fact finder could conclude that the defendant should have anticipated that someone exiting the north end of the flower display would not discover the danger presented by the ramp or would fail to protect herself from the danger of stumbling upon the ramp's edge, the issues of negligence, contributory negligence, and comparative fault must be submitted to the jury. See Tichenor v. Lohaus, 322 N.W.2d 629, 634 (Neb. 1982) ("Where different minds may reasonably draw different conclusions or inferences from the evidence adduced concerning the issues of negligence or contributory negligence and the degree thereof when one is compared with the other, such issues must be submitted to the jury.") (quoting Sullivan v. George A. Hormel & Co., 303 N.W.2d 476, 482 (Neb. 1981)).

**C.    Whether the Defendant Failed to Use Reasonable Care to Protect the Plaintiff Against the Danger**

To prevail on her claim, the plaintiff must also show that "the defendant failed to use reasonable care to protect [her] against the danger." E.g., Herrera v. Fleming Companies, Inc., 655 N.W.2d 378, 382 (Neb. 2003). The defendant argues that the plaintiff has failed to make this showing because "[t]he yellow paint on the sides of the ramp constitutes a reasonable warning of the

condition on the premises." (Def.'s Br. at 11, ECF No. 48.) In support of its argument, the defendant notes, correctly, that "[a]lthough Plaintiff claims that a stack of concrete blocks was obstructing the yellow paint on the ramp closest to the [flower display], she admits there was nothing obstructing the yellow paint on the other side of the ramp." (Id. at 10.)[4] The defendant adds that the "photographs produced by Plaintiff demonstrate that a portion of the yellow paint on the side of the ramp closest to the [flower display] was indeed visible despite the existence of the concrete blocks." (Id.)

The Nebraska Supreme Court has held,

> Among the factors to be considered in evaluating whether a landowner or occupier has exercised reasonable care for the protection of lawful visitors will be (1) the foreseeability or possibility of harm; (2) the purpose for which the entrant entered the premises; (3) the time, manner, and circumstances under which the entrant entered the premises; (4) the use to which the premises are put or are expected to be put; (5) the reasonableness of the inspection, repair, or warning; (6) the opportunity and ease of repair or correction or giving of the warning; and (7) the burden on the land occupier and/or community in terms of inconvenience or cost in providing adequate protection.

Heins v. Webster County, 552 N.W.2d 51, 57 (Neb. 1996). The court added, "Although we have set forth some of the factors to be considered in determining whether a landowner or occupier has exercised reasonable care for the protection of lawful visitors, it is for the fact finder to determine, on the facts of each individual case, whether or not such factors establish a breach of duty of reasonable care." Id. (emphasis added).

The defendant's argument focuses upon the fifth of the listed Heins factors. It seems to me, however, that a reasonable fact finder could consider all of the relevant factors and determine that the defendant failed to exercise reasonable care for the protection of lawful visitors to the flower display. In particular, the trier of fact could reasonably conclude that the defendant should have foreseen the risk that persons exiting the north end of the flower display aisle would stumble when

---

[4] The defendant goes on to state, "[I]n fact, [the plaintiff] testified that the yellow paint would have called itself to her attention." (Def.'s Br. at 10, ECF No. 48.) It seems to me that the plaintiff's testimony on this point is not perfectly clear, and she seems to indicate that she did not notice the yellow paint on the far edge of the ramp. (See Def.'s Index, Ex. A, Hruby Dep. at 92-96, ECF No. 49-1.)

stepping upon the ramp or its sloped edge; that the display and the surrounding area included many items intended to attract the customer's attention (and thus draw it away from the ramp's intersection with the edge of the flower display), that the yellow paint constituted a warning of the presence of the ramp, but the warning was rendered unreasonable by obstructions; that it would have been relatively easy to create a more reasonable warning or alter the arrangement of the flower display; and that the burden of providing more reasonable warnings or protection would have been slight. Of course, a reasonable fact finder might consider all of the relevant facts and circumstances and conclude that the defendant did exercise reasonable care; however, because reasonable minds may differ on this point, summary judgment is not appropriate.

**IT IS ORDERED** that the defendant's motion for summary judgment, ECF No. 47, is denied.

Dated December 15, 2010.

BY THE COURT

s/ Warren K. Urbom
United States Senior District Judge